IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN DOE, | * | CIVIL ACTION NO. 2:18-CV-06880 |
| | * | |
| Plaintiff, | * | SECTION F |
| | * | JUDGE FELDMAN |
| VERSUS | * | |
| | * | DIVISION 3 |
| LOYOLA UNIVERSITY, | * | MAGISTRATE JUDGE DOUGLAS |
| | * | |
| Defendant | * | |

### MEMORANDUM IN SUPPORT OF DEFENDANT LOYOLA UNIVERSITY'S MOTION TO COMPEL DISCOVERY RESPONSES

MAY IT PLEASE THE COURT:

Pursuant to Fed. R. Civ. P. 37, Defendant Loyola University ("Loyola" or "Defendant") seeks an order from this Court compelling Plaintiff, John Doe, to provide, without objection, full and complete responses to Loyola University's First Set of Interrogatories to Plaintiff and Loyola University's First Request for Production of Documents to Plaintiff (collectively referred to as Discovery Requests). Loyola served the Discovery Requests on Plaintiff on March 21, 2019, and to date, Plaintiff has not provided any responses despite Loyola's good-faith efforts to resolve this issue. Loyola thus requests an Order granting its Motion to Compel Discovery Responses (the "Motion"), and awarding Loyola its reasonable attorneys' fees incurred in connection with the Motion.

**I.     BACKGROUND**

On March 21, 2019, Loyola served its Discovery Requests (attached as **Exhibit A**) on Plaintiff. Plaintiff's deadline to respond to the Discovery Requests was April 20, 2019.

The Discovery Requests seek necessary information and documents from Plaintiff that are directly relevant to Loyola's defenses in this lawsuit where Plaintiff asserts claims against Loyola arising out of his expulsion from Loyola University College of Law for misconduct such as, for instance, details of Plaintiff's alleged damages, descriptions of the basis of the Plaintiff's claims, and all documents that support Plaintiff's claims and damages.  Loyola is entitled to responses to its Discovery Requests under Fed. R. Civ. P. 33, 34 and 37.  Significantly, in the Scheduling Order, the parties agreed to waive Rule 26 disclosures in this case, and therefore, Loyola has not received any of the information related to Plaintiff's claims that it has requested.

In accordance with Rule 37, undersigned counsel held a conference with Plaintiff's counsel on June 20, 2019 to discuss Plaintiff's overdue responses, and the parties agreed that Plaintiff would provide responses to the Discovery Requests on or before July 5, 2019.  *See* 6/20/19 letter from Charles Marshall to Jeffery Speer (memorializing Rule 37 conference), attached as **Exhibit B**.  Plaintiff did not produce any responses by the agreed-upon July 5, 2019 deadline.  On July 8, 2019, undersigned counsel emailed Plaintiff's counsel that the responses were still overdue and informed counsel that Loyola would be filing a motion to compel if responses were not received by the close of business on July 10, 2019.  *See* 7/8/19 email from Charles Marshall to Jeffery Speer, **Exhibit C**.  Loyola has still has not received Plaintiff's responses as of the date of this filing.

## II.     LAW AND ARGUMENT

Fed. R. Civ. P. 37 allows for the filing of a motion to compel where, as here, "a party fails to answer an interrogatory submitted under Rule 33" and where "a party fails to produce documents … as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv).  Moreover, under Fed. R. Civ. P. 37(d)(3), the Court may impose various sanctions upon a party who fails to

serve responses to interrogatories and requests for production under Rule 33 and 34. These sanctions include prohibiting the disobedient party from supporting designated claims or from introducing designated matters in evidence, and dismissing the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(ii) and (v). The Court may also order that the discovery responses be provided without objection, as parties generally waive objections to discovery requests by failing to assert them in a timely manner. *See Brian Harris Auto Grp. v. Automatic Data Processing, Inc.*, 2011 WL 5244403, at *1 (M.D. La. Nov. 2, 2011) ("Generally, discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts.") (citing *In re U.S.*, 864 F.2d 1153, 1156 (5 Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D. Miss. 1990)).

Further, "instead of or in addition to" the sanctions provided for under Rule 37(d), "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3) (emphasis added); *see also* Fed. R. Civ. P. 37(a)(5) (requiring courts to order the party and/or attorney of the party whose conducted necessitated a motion to compel discovery, if the motion is granted, to pay the movant's reasonable expenses and attorney's fees in making the motion unless the exceptional circumstances outlined in R. 37(d)(3) are present).

In order to effectively depose the Plaintiff in this case and to prepare for trial, Loyola needs Plaintiff's responses to its Discovery Requests and for the Plaintiff to sign and return the authorizations attached to the Discovery Requests, which were due back in April 2019. Plaintiff, however, has failed to serve responses to the Discovery Requests despite Loyola's good-faith efforts to obtain them. Loyola therefore requests that the Court order Plaintiff to provide full and

complete responses to the Discovery Requests, as well as signed authorizations, without objection, within 7 days of the date the Order compelling discovery is entered. Loyola also requests an award of its reasonable attorneys' fees incurred in connection with this Motion.

### III. CONCLUSION

For the reasons set forth above, Loyola respectfully requests that the Court enter an Order (1) compelling Plaintiff to respond fully and completely to Loyola's Discovery Requests within 7 days of the entry of the Court's Order, (2) specifying that Plaintiff may not object to the Discovery Requests, (3) awarding Loyola its reasonable attorneys' fees incurred in connection with this Motion, and (4) providing such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Charles D. Marshall, III*
Julie D. Livaudais, T.A. (La. Bar No. 1183)
Charles D. Marshall, III  (La. Bar No. 27564)
Sarah Voorhies Myers (La. Bar No. 30107)
    -of-
CHAFFE McCALL, L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163-2300
504-585-7000 (Telephone)
504-544-6054 (Facsimile)
Email: livaudais@chaffe.com
            marshall@chaffe.com
            myers@chaffe.com

*Attorneys for Defendant,*
*Loyola University New Orleans*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion was served this 16th day of July, 2019 upon the Plaintiff via the Court's CM/ECF system.

/s/ *Charles D. Marshall, III*