UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN DOE,                    Plaintiff | * | CIVIL ACTION NO: 2:18-CV-06880 |
| VERSUS | * | SECTION F<br>JUDGE FELDMAN |
| LOYOLA UNIVERSITY,                    Defendant | * | DIVISION 3<br>MAGISTRATE JUDGE DOUGLAS |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN SUPPORT OF JOHN DOE'S
MOTION TO COMPEL RESPONSES TO DISCOVERY**

**MAY IT PLEASE THE COURT:**

Pursuant to Fed. R. Civ. P. 37, Plaintiff John Doe("Doe" or "Plaintiff") seeks an order from this Court compelling Defendant, Loyola University, to provide, without objection, full and complete responses to John Doe's First Set of Interrogatories to Defendant and John Doe's First Request for Production of Documents to Defendant (collectively referred to as Discovery Requests). Doe served the Discovery Requests on Defendant on December 17, 2019 and to date, Defendant has objected to and/or failed to provide any responses despite Doe's good-faith efforts to resolve this issue. Doe thus requests an Order granting its Motion to Compel Discovery Responses (the "Motion"), and awarding Doe its reasonable attorneys' fees incurred in connection with the Motion.

**I.   BACKGROUND**

On December 17, 2019 Doe served Defendants with discovery requests*(attached as Exhibit A)*. The deadline to respond to said requests was January 16, 2020. Doe avers that the discovery requests seeks information and documents both necessary and directly relevant to his claim in this lawsuit arising from his expulsion from Loyola University College of Law for misconduct. The

Case 2:18-cv-06880-MLCF-DMD Document 36-1 Filed 01/31/20 Page 2 of 6

information and documentation sought yet objected to and/or not produced will lead to the discovery of the details of Defendant's denial of due process, contract claim, arbitrary and capricious ruling in Defendant's favor of the hearing process, and documents that support the alleged damages, descriptions of the basis of the Plaintiff's claims, and all documents that support Plaintiff's claims and damages. Doe is entitled to responses to its Discovery Requests under Fed. R. Civ. P. 33, 34 and 37. Significantly, in the Scheduling Order, the parties agreed to waive Rule 26 disclosures in this case, and therefore, Doe has not received any of the information related to Defendant's defenses that it has requested.

In accordance with Rule 37, undersigned counsel held a conference with Defendant's counsel on January 30, 2020 to discuss Defendant's overdue and inadequate responses. What was presented was an agreement that the Defendant would produce the answers only after agreeing to a protective order that was proposed by Defense Counsel. The protective order would be detrimental to the Plaintiff if is was agreed to and there is no reasonable need for a protective order in this case. The constraints of the protective order proposed by the Defendants are such that anyone would not be able to adhere to except staff trained to do so, none of which are employed by undersigned. (*See correspondence from Julie Livaudais to Jeffery Speer dated January 17, 2020 memorializing Rule 37 Conference attached as Exhibit B*) Plaintiff has agreed to allow Loyola to redact names of all parties to prior and/or existing Title IX complaints and/or lawsuits sought in discovery. Due to the inability of the parties to agree on said discovery issues, Plaintiff now requests an in camera inspection of the documents and/or a motion compelling full and complete responses.

**II.    LAW AND ARGUMENT**

Fed. R. Civ. P. 37 allows for the filing of a motion to compel where, as here, "a party fails to answer an interrogatory submitted under Rule 33" and where "a party fails to produce documents … as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). Moreover, under Fed. R.

Civ. P. 37(d)(3), the Court may impose various sanctions upon a party who fails to serve responses to interrogatories and requests for production under Rule 33 and 34. These sanctions include prohibiting the disobedient party from supporting designated claims or from introducing designated matters in evidence, and dismissing the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(ii) and (v). The Court may also order that the discovery responses be provided without objection, as parties generally waive objections to discovery requests by failing to assert them in a timely manner. See Brian Harris Auto Grp. v. Automatic Data Processing, Inc., 2011 WL 5244403, at *1 (M.D. La. Nov. 2, 2011) ("Generally, discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts.") (citing In re U.S., 864 F.2d 1153, 1156 (5 Cir. 1989); Godsey v. U.S., 133 F.R.D. 111, 113 (S.D. Miss. 1990)).

Further, "instead of or in addition to" the sanctions provided for under Rule 37(d), "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3) (emphasis added); see also Fed. R. Civ. P. 37(a)(5) (requiring courts to order the party and/or attorney of the party whose conducted necessitated a motion to compel discovery, if the motion is granted, to pay the movant's reasonable expenses and attorney's fees in making the motion unless the exceptional circumstances outlined in R. 37(d)(3) are present).

Defendant's have objected to reasonable and discoverable requests for production of documents and bases the objections on their claim that the documents sought are "extremely confidential" and "highly confidential and private." Further defendant's state in their objections that the documents "must be covered by a protective order prior to production." Plaintiff has offered to allow Loyola to redact any/all names of parties named in the materials sought by Plaintiff.

The court has addressed confidentiality as it pertains to discovery requests and states that the exception to the scope of discovery rule is when the material to be discovered is covered by a privilege." Glaze v. G & B Marine, Inc., No.. 95-1845, 1997 WL 20738, at *1 (E.D. La. Jan. 16, 1997) (emphasis added). Though claimants have repeatedly asserted that the information requested is confidential, they have not pointed the Court to any law making them privileged. Because this information is relevant and unprivileged, the Court is left with a "definite and firm conviction" that it should be included in discovery.

Even though the information is not privileged, plaintiff understands the defendant's contention that the information is sensitive and has indicated to defendant that said documents would only be used for the purposes of this litigation and not use them for any other purpose. Plaintiff has agreed to stipulate to the use of the "confidential" documents however the parties have been unable to come to an amicable resolution.

### III. CONCLUSION

In order to effectively depose the Defendant in this case and to prepare for trial, Doe needs Defendant's responses to its Discovery Requests. However, Defendant Loyola has failed to serve responses to the Discovery Requests despite Doe's good-faith efforts to obtain them. Plaintiff Doe therefore requests that the Court order Defendant to provide full and complete responses to the Discovery Requests, without objection, within 7 days of the date the Order compelling discovery is entered. Doe also requests an award of expenses and reasonable attorneys' fees incurred in connection with the filing of this motion.

For the reasons set forth above, Plaintiff respectfully requests that the Court enter an Order

1) Compelling Plaintiff to respond fully and completely to Doe's Discovery Requests

       within seven (7) days of the entry of the Court's Order;

2)       Specifying that Defendant may not object to the Discovery Requests;

3)       Awarding Plaintiff expenses and reasonable attorneys' fees incurred in connection with this Motion; and

4)       Providing such other and further relief as the Court deems just and proper.

       Respectfully submitted,

       DOUCET-SPEER, APLC
       617 St. John Street
       P. O. Drawer 4303
       Lafayette, LA 70502
       Phone: 337-232-0405
       Fax: 337-237-3415

       /s/ Jeffery F. Speer
       JEFFERY F. SPEER (#19398)
       Attorney for Plaintiff